UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

OPERATING ENGINEERS LOCAL 139 HEALTH
BENEFIT FUND, et al,

        Plaintiffs,

   v.                                     Case No. 23-cv-0585-bhl

APEX COMMERCIAL CONSTRUCTION INC,

        Defendant.

---

### ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

---

      Plaintiffs Operating Engineers Local 139 Health Benefit Fund, Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Wisconsin Operating Engineers Skill Improvement and Apprenticeship Fund, Joint Labor Management Work Preservation Fund, Operating Engineering Local 139 Defined Contribution Annuity Fund, Terrance E. McGowan, Joseph Shelton, and International Union of Operating Engineers Local 139 allege that Defendant Apex Commercial Construction Inc. failed to remit funds due under the parties' collective bargaining agreement (CBA) in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1132, 1145 (ERISA). On March 5, 2024, Plaintiffs moved for summary judgment, but Apex Commercial filed a petition for bankruptcy before briefing was completed. After Apex Commercial's bankruptcy case was dismissed, Plaintiffs filed a status report indicating that they wished to proceed with summary judgment. The Court set a renewed briefing schedule, but Apex Commercial has not responded to Plaintiffs' motion and revised filings, leaving Plaintiffs' factual assertions uncontested. *See* Civ. L.R. 56(b)(4); Fed. R. Civ. P. 56(e)(2). Because the undisputed facts establish Apex Commercial's ERISA violations and Plaintiffs' damages, the Court will grant Plaintiffs' motion for summary judgment.

# BACKGROUND[1]

Apex Commercial provides landscaping, guardrails, and signs for highways, roads, bridges, and commercial construction projects. *Keuhne Co.*, https://kuehneco.com/ (last visited August 7, 2025). Operating Engineers Local 139 Health Benefit Fund, Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Wisconsin Operating Engineers Skill Improvement and Apprenticeship Fund, Operating Engineering Local 139 Defined Contribution Annuity Fund, and Joint Labor Management Work Preservation Fund (the Funds) are employee welfare benefit plans and jointly trusted labor management cooperatives. (ECF No. 19 ¶¶3, 22.) McGowan and Shelton are fiduciaries of the Funds. (*Id.* ¶3.) International Union of Operating Engineers Local 139 (the Union) is a labor organization that represents certain employees of Apex Commercial. (*Id.* ¶16.)

Apex Commercial and the Union are parties to a CBA. (ECF No. 33 ¶1.) The CBA requires Apex Commercial to make fringe benefit contributions and deduct and remit administrative dues for union members to the Funds. (*Id.* ¶2.) To ensure contributions are made, Plaintiffs audit Apex Commercial's payroll books and records. (*Id.*) Under the CBA, failure to pay results in the payment of any owed contributions, along with interest, damages, costs, and attorneys' fees. (*Id.*) Failure to timely pay results in owed liquidated damages and interest. (*Id.* ¶14.)

Pursuant to the CBA and throughout the course of litigation, five audits were performed, covering the periods from August 1, 2022 through December 31, 2022; January 1, 2023 through July 31, 2023; August 1, 2023 through December 31, 2023; January 1, 2024 through November 30, 2024; and December 1, 2024 through March 31, 2025. (*Id.* ¶16; ECF No. 50 ¶1.) All five audits revealed that Apex Commercial paid contributions late and still owes contributions to the Funds. (ECF No. 50 ¶¶2–3.) Specifically, Apex Commercial owes $110,086.60 in unpaid contributions, $6,727.49 in interest on unpaid and late-paid contributions, and $45,046.82 in liquidated damages for unpaid and late-paid contributions. (*Id.*) It also owes $32,184.25 in attorneys' fees and costs. (*Id.* ¶6.)

---

[1] The facts are derived from Plaintiffs' Statements of Material Facts, with additional background facts taken from the amended complaint. (ECF No. 19; ECF No. 33; ECF No. 50.) As noted above, Apex Commercial never responded to Plaintiffs' proposed statement of facts, and they are therefore deemed admitted for summary judgment purposes. *See* Civ. L.R. 56(b)(4); *Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1109 (7th Cir. 2014) (quoting Fed. R. Civ. P. 56(e)).

## LEGAL STANDARD

Summary judgment is appropriate if the record shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must determine whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. *Id.* at 248; *Contreras v. City of Chicago*, 119 F.3d 1286, 1291–92 (7th Cir. 1997). A dispute over a material fact is "genuine" only if a reasonable trier of fact could find in favor of the nonmoving party on the evidence presented. *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of proving the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Upon such a showing, the burden shifts to the opposing party to "make a showing sufficient to establish the existence of an element essential to that party's case." *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) (quoting *Celotex*, 477 U.S. at 322). If the nonmovant fails to respond, "the movant 'still ha[s] to show that summary judgment [is] proper given the undisputed facts.'" *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (quoting *Yanick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)).

## ANALYSIS

ERISA requires employers to contribute to employee-benefit funds pursuant to the terms of a collective bargaining agreement. 29 U.S.C. §1145. In the event an employer fails to fulfill its obligation, a participant or beneficiary may commence litigation. 29 U.S.C. §1132(a)(1)(B). Plaintiffs have come forward with evidence showing that the parties' CBA imposes an obligation on Apex Commercial to make payments to Plaintiffs and that Apex Commercial breached that obligation prior to and throughout this litigation. (*See* ECF No. 32 at 11.) Plaintiffs have therefore established that Apex Commercial is liable to them under ERISA.

Under 29 U.S.C. §1132(g)(2), an employer's failure to make contributions entitles a participant or beneficiary to an award equal to the amount of the unpaid contributions, interest on the unpaid contributions, either interest on the unpaid contributions or liquidated damages not to exceed 20% of the unpaid contributions, reasonable attorneys' fees and costs, and any other legal or equitable relief as the Court deems appropriate. Liquidated damages and interest may also be

collected on late-paid contributions. *Operating Eng'rs Loc. 139 Health Benefit Fund v. Gustafson Constr.*, 258 F.3d 645, 654–55 (7th Cir. 2001). The undisputed facts confirm that Apex Commercial owes $110,086.60 in unpaid contributions, $6,727.49 in interest for unpaid and late-paid contributions, $45,046.82 in liquidated damages for unpaid and late-paid contributions, and $32,184.25 in attorneys' fees. (*See* ECF No. 50 ¶¶3–6.) The Court will therefore award damages to Plaintiffs in this amount.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment, ECF No. 31, is **GRANTED**. Plaintiffs are awarded damages totaling $194,045.16, including $110,086.60 in unpaid contributions, $45,046.82 in liquidated damages, $6,727.49 in interest, and $32,184.25 in attorneys' fees and costs. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on August 14, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge